IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARY LOU STEWART,              )
                               )
        Plaintiff,             )
                               )
                               )
    v.                         )     1:17CV79
                               )
                               )
AURORA PUMP COMPANY, et al.,   )
                               )
        Defendants.            )
                               )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on Defendant Kelly-Moore Paint Company, Inc.'s "Motion to Dismiss Plaintiff Mary Louise Stewart's Loss of Consortium Claim" (Docket Entry 23) (the "Motion"). Plaintiff filed no response to the Motion. (See Docket Entries dated Feb. 27, 2017, to present.)[1] For the reasons that follow, the Court should grant the Motion.

---

[1] This Court's Local Rules permit treating an unopposed motion as conceded. See M.D.N.C. LR 7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). However, the United States Court of Appeals for the Fourth Circuit requires substantive review of even unopposed motions to dismiss. See Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though [the plaintiffs] did not challenge the motions to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.").

## BACKGROUND

Mary Lou Stewart (the "Plaintiff"), initiated a lawsuit under the Court's diversity jurisdiction against multiple defendants, including Kelly-Moore Paint Company, Inc. (the "Defendant"), on behalf of herself and as executrix of the estate of her deceased husband Alexander Leroy Stewart, Jr. (the "Decedent"). (See Docket Entry 1 (the "Complaint").) The Complaint alleges that the defendants caused Decedent to develop mesothelioma through exposure to asbestos, leading to his death. (See id., ¶¶ 35-36, 52-53.) As its "Fifth Cause of Action," the Complaint asserts a claim for loss of consortium. (See id., ¶¶ 77-79.) Defendant has moved to dismiss Plaintiff's claim for loss of consortium pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry 23 at 1.)[2]

---

[2] In its brief in support of the Motion, Defendant argues for dismissal of Plaintiff's "claim for loss of consortium (see Compl. ¶¶ 77-79), and/or any other claim brought in her individual capacity which is derivative of the claims brought by the Plaintiff Estate." (Docket Entry 24 at 1.) However, Defendant's Motion explicitly requests dismissal of only Plaintiff's loss of consortium claim. (See Docket Entry 23 at 1 ("Now comes the Defendant . . . and hereby moves to dismiss Plaintiff['s] . . . claim for loss of consortium . . . . [T]his Defendant moves to dismiss Plaintiff['s] . . . claim for loss of consortium . . . .").) Indeed, the Motion's title explicitly limits the Motion to the loss of consortium claim. (See id.) Further, it remains unclear what, if any, claims other than for loss of consortium Plaintiff pursues in her individual capacity. (Compare Docket Entry 1, ¶¶ 77-79, with id., ¶¶ 52-53, 62-63, 69-70, 75.) Under these circumstances, the undersigned Magistrate Judge declines to expand the Motion beyond the specified loss of consortium claim. See M.D.N.C. LR 7.3(b) ("All motions . . . shall set forth the relief or order sought.").

**DISCUSSION**

"A federal court, sitting in North Carolina in a diversity case, must apply the law as announced by the highest court of that state or, if the law is unclear, as it appears the highest court of that state would rule." Brendle v. General Tire & Rubber Co., 505 F.2d 243, 245 (4th Cir. 1974). If an inquiry into the highest court's decision "proves unenlightening," a federal court may "seek guidance from an intermediate state court." Assicurazioni Generali, S.p.A. v. Neil, 160 F.3d 997, 1002 (4th Cir. 1998); see also West v. American Tel. & Tel. Co., 311 U.S. 223, 237 (1940) ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise."). In diversity cases such as this one, "[i]f state substantive law has denied a plaintiff a remedy for his cause of action, the district court must dismiss the complaint for failure to state a claim upon which relief may be granted." Goetzke v. Ferro Corp., 280 F.3d 766, 779 (7th Cir. 2002).

Defendant moves to dismiss Plaintiff's loss of consortium claim as "subsumed by and contained within a wrongful death claim." (Docket Entry 23, ¶ 2.) More specifically, Defendant contends that, under North Carolina law, "all claims made as a result [of]

or arising from the death of a person . . . must be brought by the deceased person's estate under the Wrongful Death Act, N.C.G.S. § 28A-18-2." (Docket Entry 24 at 2-3.) Defendant maintains that "there is no allegation in the Complaint that any defendant . . . ever harmed [Plaintiff] individually, or she ever suffered any individual or personal damages which are separate and apart from those allegedly suffered by the [D]ecedent." (Id. at 4.) Thus, Defendant argues, the relief Plaintiff seeks in bringing her loss of consortium claim falls under N.C. Gen. Stat. Section 28A-18-2. (See id. at 4-5.) Defendant's argument possesses merit.

In North Carolina, "[a]n action for wrongful death did not exist at common law and rests entirely upon the [wrongful death] statute. . . . [A]ny common law claim which is now encompassed by the wrongful death statute must be asserted under that statute." Christenbury v. Hedrick, 32 N.C. App. 708, 711-712, 234 S.E.2d 3, 5 (1977) (citations omitted). Furthermore, loss of consortium qualifies as a common law claim. See Nicholson v. Hugh Chatham Mem'l Hosp. Inc., 300 N.C. 295, 297, 266 S.E.2d 818, 819 (1980) ("At common law, consortium embraced those marital rights a husband had in respect to his wife." (emphasis added)). Although the North Carolina Supreme Court has not spoken directly on this issue, North Carolina appellate courts have held that the wrongful death statute encompasses loss of consortium in cases of a loved one's death, and therefore that a plaintiff in those circumstances must bring any

individual loss of consortium claim under the wrongful death statute. See Keys v. Duke Univ., 112 N.C. App. 518, 522, 435 S.E.2d 820, 822 (1993) ("[T]he North Carolina wrongful death statute encompasses a claim for loss of consortium, and we hold, therefore, that [the] plaintiff's claim [for loss of consortium in her individual capacity] in the present action should have been brought under that statute."); Christenbury, 32 N.C. App. at 711-12, 234 S.E.2d at 5 (holding that the wrongful death statute precluded the plaintiff from asserting common law loss of consortium claim).

Given the absence of "other persuasive data that the highest court of the state would decide otherwise," West, 311 U.S. at 237, the rule in Keys and Christenbury governs resolution of the Motion. See Miller v. 3M Co., No. 5:12-CV-620, 2013 WL 4419351, at *3 (E.D.N.C. Aug. 14, 2013) ("[T]he court agrees that dismissal of the claim [for loss of consortium] is appropriate." (citing Keys, 112 N.C. App. at 522, 435 S.E.2d at 822)).

## **CONCLUSION**

Plaintiff's loss of consortium claim fails as a matter of North Carolina law.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss be granted as to Plaintiff's loss of consortium claim.

This 9th day of August, 2017.

                                    /s/ L. Patrick Auld
                                        **L. Patrick Auld**
                              **United States Magistrate Judge**